**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARREN PIEPER,<br><br>    Plaintiff,<br><br>v.<br><br>USAA CASUALTY AND PROPERTY INSURANCE COMPANY,<br>*a corporation doing business as*<br>USAA CASUALTY PROPERTY INSURANCE IN THE STATE OF NEW JERSEY,<br><br>    Defendant. | Civil Action No. 23-2331 (MAS)(DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon USAA Casualty and Property Insurance Company's ("Defendant") unopposed Motion to Dismiss *pro se* Plaintiff Darren Pieper's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 6.) Defendant also moves to sever and stay any "bad faith" claims that may be presented on the face of Plaintiff's Complaint. (*Id.* at 11-18.) The Court has carefully considered Defendant's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. Defendant's Motion to Sever and Stay any bad faith claims is **DENIED**.

---

[1] Unless otherwise noted, all references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

I.      **BACKGROUND**[2]

This action arises out of Plaintiff's attempts to procure coverage under a homeowner's insurance policy (the "Policy") that he held with Defendant. (*See generally* Compl., ECF No. 1- 3.) According to the Complaint, Plaintiff and his wife purchased a home in Flemington, New Jersey which they owned from October 2004 to January 2022. (*Id.* ¶¶ 2, 7-10.) Plaintiff was insured through Defendant during the time he owned the property, and he paid the required premiums annually. (*Id.* ¶ 3.) The Policy also extended coverage for certain personal property that Plaintiff stored within his home. (*Id.*)

Between 2009 and 2017, Plaintiff submitted a few "small real and personal loss claims" that were paid by Defendant. (*Id.* ¶ 5; Def.'s Moving Br. 3, ECF No. 6-1.) These claims caused Plaintiff's premium to increase from $1,100 per year in 2014 to $2,700 per year in 2022. (Compl. ¶ 5.) At or around 2016 to 2018, Plaintiff obtained additional coverage under the Policy for his jewelry and other valuables. (*Id.* ¶ 6.)

Plaintiff alleges that, in August 2019, squatters illegally took possession of his property. (*Id.* ¶ 7.) Plaintiff claims that despite making multiple efforts to retrieve his personal belongings

---

[2] For the purpose of a motion to dismiss, the Court accepts as true and summarizes the factual allegations of the Complaint, *see Phillips v. County. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008), and "generally consider[s] only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record," *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "[A] court may consider an undisputedly authentic document that [the] defendant[s] attach[] as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* Here, Plaintiff's claims are based on a homeowner's insurance policy to its motion to dismiss, but he has not attached a full copy of the Policy to his Complaint. (*See generally* Compl., ECF No. 1-3.) Defendant, however, attached a portion of the homeowner's policy. (*See* Cert. of Todd Leon, Esq., Ex. A, ECF No. 6-5.) Plaintiff does not contest the policy that has been produced by Defendant. The Court, therefore, considers the well-pleaded facts in the Complaint and attachments to the Complaint, as well as the language in the Policy provided by Defendant.

2

from the home, he encountered "resistance from [the] squatters" on each occasion. (*Id.*) As a result, Plaintiff was "unable to access his property due to the squatters' possession." (*Id.*)

In July 2021, Plaintiff sent a letter to Defendant requesting forms necessary to file a property loss claim, but Defendant did not respond. (*Id.* ¶ 8.) In October 2021, Plaintiff paid Defendant a premium of $2,700 for another year of homeowner's coverage. (*Id.* ¶ 9.) Several months later, on January 12, 2022, "Plaintiff's property was sold to a third-party through a sheriff's sale." (*Id.* ¶ 10.) Plaintiff subsequently filed an appeal of the sale in the New Jersey Superior Court for replevin of his personal property. (*Id.* ¶ 11.) These efforts were denied; however, Plaintiff alleges that the state court directed the third party to store his personal property for "30 days after the eviction of the squatter(s)." (*Id.*) The third party allegedly ignored the state court's directive and "immediately began to discard Plaintiff's personal property." (*Id.* ¶ 12.)

In March 2022, Plaintiff sent Defendant a notice of intention to file a property loss claim. (*Id.* ¶ 13.) Defendant did not respond. (*Id.*) Plaintiff claims that he followed up and sent Defendant "a full inventory list" in July 2022; yet, once again, he received no response. (*Id.* ¶ 14.) In October 2022, Plaintiff requested the property loss claim forms from Defendant by certified mail. (*Id.* ¶ 16.) Defendant finally responded on October 26, 2022. (*Id.* ¶ 17.) Plaintiff alleges that instead of offering coverage for his loss, Defendant sent him a check, refunding his previous year's premium, and canceling his Policy. (*Id.* ¶ 17.)

On March 6, 2023, Plaintiff filed a five-Count Complaint against Defendant in the Superior Court of New Jersey, Middlesex County. (*See generally id.*) The Complaint asserts the following claims: (1) Breach of Contract and Vicarious Liability (Count One); (2) Fraudulent Misrepresentation (Count Two); (3) Negligent Misrepresentation (Count Three); (4) Breach of Fiduciary Duty and Specific Performance (Count Four); and (5) Punitive Damages (Count Five).

3

(*See* Compl. ¶¶ 20-49.) Defendant then timely removed the case to this Court,[3] (See Notice of Removal, ECF No. 1-1) and moved to dismiss.[4] (*See* Def.'s Moving Br., ECF No. 6-1.) On September 7, 2023, the Court, noting that *pro se* Plaintiff had not opposed the Motion to Dismiss, entered a Text Order providing Plaintiff an additional opportunity to file an opposition to the Motion by September 26, 2023. (*See* ECF No. 8.) Plaintiff, nevertheless, did not oppose by the Court's extended deadline.[5]

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is

---

[3] There is diversity among the parties and the amount in controversy exceeds $75,000.00. (*See* Notice of Removal, ¶¶ 3, 4, 7, and 8, ECF No. 1-1.) Accordingly, the requisites for diversity jurisdiction are satisfied under 28 U.S.C. §1332.

[4] Defendant initially filed its Motion to Dismiss on May 4, 2023. (ECF No. 4.) On July 6, 2023, the Court administratively terminated that Motion since it was not accompanied by a certificate of service. (ECF No. 5.) Defendant thus refiled its application with the appropriate certificate on July 10, 2023. (ECF No. 6.) While these Motions are substantively identical, the Court refers to the Motion filed on July 10, 2023 as the operative pleading.

[5] On September 21, 2023 and October 23, 2023, Plaintiff filed correspondence with certain discovery materials, including a request for production of documents that he allegedly sent to Defendant. (ECF Nos. 10, 12.) In this correspondence, Plaintiff requests that the Court stay its ruling on the Motion to Dismiss pending Defendant's responses to his request for production. (*Id.*) The documents sought by Plaintiff, however, have no bearing on the distinct legal issues presented in Defendant's Motion. *See, e.g.*, *Maher Terminals, LLC v. Port Auth.*, No. 12-6090, 2013 WL 2253532, at *3 (D.N.J. 2013) ("In any case where a dispositive motion is filed in the early stages of the litigation, the parties might incur discovery costs that ultimately may be rendered unnecessary if the pending dispositive motion is granted.") Plaintiff's request for a stay or to delay disposition of the Motion to Dismiss is denied. For the reasons stated in the accompanying Order, the Court will, however, grant Plaintiff's informal request to Amend the Complaint. (*See* ECF No. 12, at 2-5.) The Court thus turns to the merit of the pending Motion.

and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When analyzing a Rule 12(b)(6) motion to dismiss, the district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant[s] bear[] the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Finally, where a plaintiff proceeds *pro se*, the complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). A *pro se* litigant, however, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because [the litigant] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

5

### III. DISCUSSION

#### A. Breach of Contract and Vicarious Liability (Count One)

*i. Breach of Contract*

Under Count One of the Complaint, Plaintiff brings a claim for breach of contract and vicarious liability. (Compl. ¶¶ 20-26, ECF No. 1-3.) To state a claim for breach of contract, a plaintiff must plausibly allege: (1) "that the parties entered into a contract containing certain terms"; (2) "that [the plaintiff] did what the contract required [him] to do"; (3) "that [the defendant] did not do what the contract required [them] to do, defined as a breach of contract"; and (4) that [the defendant's] breach, or failure to do what the contract required, caused a loss to the plaintiff[]." *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 139 (N.J. 2016) (internal quotation marks and citation omitted). If a plaintiff fails to allege which specific contractual provisions a defendant allegedly violated, a court may dismiss the claim. *Skypala v. Mortg. Elect. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009) (dismissing a claim because the complaint did not "identify the provisions [of the contract] [p]laintiff assert[ed] were breached").

Here, Plaintiff asserts that: (1) he entered into an insurance contract for his business and personal property; (2) Defendant owed him an implied duty of good faith and fair dealing in entering the insurance contract and performing its obligations under the policy; (3) Defendant committed certain breaches that were within the scope of the contract; and (4) Defendant's breach subsequently caused harm and losses to Plaintiff. (Compl. ¶¶ 21-26.) While the Complaint does not specify the specific provision of the Policy that was breached, the Court must note that Defendant has not moved to dismiss the breach of contract claim and accepts its potential viability. (*See* Def.'s Moving Br. 6 ("USAA CIC nevertheless acknowledges that [Plaintiff] is entitled to pursue a claim for 'breach of contract', by which he may seek coverage for his alleged losses"; *see*

6

*also id.* at 10 ("[I]t is clear that, to the extent any [Plaintiff] has any valid cause of action against USAA CIC it is for breach of contract . . . .").) It is Defendant, as the moving party, who holds the burden to show that no plausible claim has been stated. *Animal Sci. Prods, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). The Court will therefore construe the breach of contract claim in the favor of *pro se* Plaintiff and this claim may proceed.

    ii.  *Vicarious Liability*

  Count One of the Complaint also includes theories of "vicarious liability" and "respondent superior" against Defendant. (Compl. ¶¶ 23-25.) Defendant moves to dismiss any purported claim of vicarious liability. The Court agrees.

  To state a claim of vicarious liability, a plaintiff must adequately allege: "'(1) that a master-servant relationship existed and (2) that the tortious act of the servant occurred within the scope of that employment.'" *Haviland v. Lourdes Med. Ctr. of Burlington Cnty., Inc.*, 250 N.J. 368, 378 (2022) (citing *Carter v. Reynolds*, 175 N.J. 402, 409 (2003)). Plaintiff has failed to plead sufficient facts to demonstrate how his claims against Defendant are sufficient to impose vicarious liability. (Def.'s Moving Br. 7.) The Complaint does not specify or identify any employee of Defendant whose negligence resulted in the claims at issue in the Complaint. The allegations in the Complaint do not adequately raise a vicarious liability claim—instead, Plaintiff relies on theories of direct liability against Defendant. *Donlon v. Gluck Grp., LLC*, No. 09-5379, 2011 WL 6020574, at *23 (D.N.J. Dec. 2, 2011) (discussing that "vicarious liability is inapplicable" where the plaintiff "has pled a direct theory of liability").

  Count One of the Complaint is dismissed, in part, with respect to Plaintiff's vicarious liability claim.

B.  **Fraudulent Misrepresentation (Count Two)**

Defendant moves to dismiss Plaintiff's claim for fraudulent misrepresentation under Count Two of the Complaint. (Compl. ¶¶ 27-32.) To set forth a claim of fraudulent misrepresentation, a plaintiff must adequately allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Bulboff v. King Aircraft Title, Inc.*, No. 19-18236, 2021 WL 1186822, at *19 (D.N.J. Mar. 30, 2021) (quoting *Walid v. Yolanda for Irene Couture, Inc.*, 425 N.J. Super. 171, 180 (App. Div. 2012)). "'Scienter' is a necessary element of a claim for fraudulent misrepresentation under New Jersey law." *Id.* (citing *Jewish Center of Sussex Cnty. v. Whale*, 86 N.J. 619, 624-25 (1981)).

A fraudulent misrepresentation claim implicates the heightened pleading standard of Rule 9(b). Rule 9(b) states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A plaintiff must plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, which may be satisfied through describing the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)).

In the Complaint, Plaintiff presents conclusory allegations that Defendant made "false and fraudulent representations" by representing that the Policy would cover the property losses in question. (Compl. ¶ 28.) Plaintiff further alleges that Defendant committed fraud by ignoring his

8

insurance claim and by collecting his additional premiums without offering him coverage for the alleged property losses. (*Id.* ¶¶ 29-32.)

The Complaint does not satisfy the elements of a fraudulent misrepresentation claim. Plaintiff has not identified any specific "facts" or misrepresentations that Defendant provided to Plaintiff knowing they were false (*Id.* ¶¶ 27-32.); *see also Bava v. Hamilton Farm Golf Club*, No. 08-5473, 2009 WL 2778108, at *2 (D.N.J. Aug. 28, 2009) (dismissing a fraudulent misrepresentation claim where the complaint contained no "specifics regarding th[e] misrepresentation"). Plaintiff also fails to demonstrate the third element of fraudulent misrepresentation claim, *i.e.*, an intent to defraud. *See, e.g.*, *Scott Jordan Int'l, Inc. v. Lexmark Carpet Mills, Inc.*, No. 22-6551, 2023 WL 5353172, at *17 (D.N.J. Aug. 21, 2023). Plaintiff argues that Defendant committed fraud because Defendant did not cover the alleged losses under the terms of his insurance policy and did not respond to his attempts to submit a property claim. These conclusory allegations are insufficient to survive a motion to dismiss, and do not meet the heightened pleading standards required by Rule 9(b). *Premier Pork L.L.C. v. Westin, Inc.*, No. 07-1661, 2008 WL 724352, at *10 (D.N.J. Mar. 17, 2008) (noting that Federal Rule of Civil Procedure 9(b) "requires plaintiffs to plead with particularity the facts supporting the elements of fraud"); *Gage v. Preferred Contrs. Ins. Co. Risk Retention Grp. LLC*, No. 19-20396, 2020 WL 5107351, at *11 (D.N.J. Aug. 31, 2020) (noting that the plaintiff's claim of fraudulent misrepresentation did not meet the heightened pleading standard of Rule 9(b) where the plaintiff did not "allege a specific misrepresentation made by [d]efendants, and instead, [made] vague references to [d]efendants' statements to [p]laintiff regarding the [p]olicy's coverage").

The Court therefore dismisses Count Two of the Complaint without prejudice.

### C. Negligent Misrepresentation (Count Three)

Under Count Three of the Complaint, Plaintiff brings a claim for negligent misrepresentation. (Compl. ¶¶ 33-41.) A claim of negligent misrepresentation requires a plaintiff to adequately allege "that (1) a false statement, (2) was negligently made, (3) plaintiff justifiably relied on that statement, and (4) suffered economic loss or injury because of the reliance." *Eberhart v. LG Elecs. USA, Inc.*, 188 F. Supp. 3d 401, 409 (D.N.J. 2016). Negligent misrepresentation claims are similar to fraudulent misrepresentation claims, though the former "does not require scienter as an element." *Kaufman v. i-Stat Corp.*, 754 A.2d 1188, 1196 (N.J. 2000).

For the same reasons above, Plaintiff does not plead any facts to show that Defendant made a "false statement" that Plaintiff relied upon to his detriment. Plaintiff's general dissatisfaction concerning Defendant's failure to cover his property loss claim is insufficient. As raised by Defendant, "insurance policies do not simply cover all claims that may be asserted by their policyholders." (Def.'s Moving Br. 6.) Plaintiff's negligent misrepresentation claim under Count Three of the Complaint is dismissed without prejudice.

### D. Breach of Fiduciary Duty and Specific Performance (Count Four)

#### i. *Breach of Fiduciary Duty*

Next, Plaintiff has asserted under Count Four of the Complaint, a claim for "breach of fiduciary duty" and "specific performance." (Compl. ¶¶ 42-47.) Defendant moves to dismiss both causes of action. (Def.'s Moving Br. 9-10.) Both claims shall be dismissed.

The Court first considers Plaintiff's claim for breach of fiduciary duty. As a general matter, "[a]n insurer only owes a fiduciary duty to an insured under 'certain circumstances,' such as when it is settling claims on behalf of the insured." *DeGennaro v. Am. Bankers Ins. Co. of Fla.*, 737 F.

App'x 631, 639 (3d Cir. 2018). New Jersey state and federal courts have consistently held that a fiduciary duty "does not necessarily exist in a first-party [insurance] situation."[6] *DiSalvatore v. Aetna Cas. & Sur. Co.*, 624 F. Supp. 541, 544 (D.N.J. 1986). Rather, a fiduciary duty by an insurer to its insured is limited to the context of third-party claims. *DiSalvatore*, 624 F. Supp. at 544; *Gilliam v. Liberty Mut. Fire Ins. Co.*, No. 14-361, 2014 WL 10191547, at *3 (D.N.J. Sept. 26, 2014) (a first party insurance claim does not "support a finding of a fiduciary relationship" and presents nothing more than "a potential breach of contract cause of action"). Indeed, an alleged "breach of fiduciary duty in the handling of [the p]laintiff's claims under the insurance contract," is more appropriately characterized as a claim for bad faith. *Gussman v. Gov't Emps. Ins. Co.*, No. 16-8563, 2017 WL 4004580, at *3 (D.N.J. Sept. 12, 2017).

Here, Plaintiff asserts that "Defendant(s) owed [him] a fiduciary duty of loyalty and honesty . . . by virtue of his status [as an insured] with Defendant(s)." (Compl. ¶ 43.) Based upon the principles set forth above, Defendant avers that insurers do not owe a fiduciary duty to an insured in the context of processing first-party claims. (Def.'s Moving Br. 9.) The Court agrees. While Plaintiff asserts that Defendant breached its fiduciary duty to him in his capacity as an alleged beneficiary of the insurance policy, *i.e.* a first party insurance claim, this situation does not create a fiduciary duty between Plaintiff and Defendant under New Jersey law. Plaintiff's claim for breach of fiduciary duty is therefore dismissed.

   *ii. Defendant's Motion to Sever and Stay Any "Bad Faith Claims"*

Defendant moves to sever and stay any "bad faith claims" that may be present on the face of Plaintiff's Complaint. (Def.'s Moving Br. 11-17.) In making a "bad faith" claim for the denial

---

[6] To be clear, this matter involves a first-party insurance claim. Plaintiff, as the named policyholder, brings suit against Defendant in its capacity as an insurance carrier. *See Polito v. Cont'l Cas. Co.*, 689 F.2d 457, 459-60 (3d Cir. 1982).

11

of insurance coverage, a plaintiff must adequately allege: "(1) the insurer lacked a reasonable basis for its denying benefits, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim." *Nationwide Mut. Ins. v. Caris*, 170 F. Supp. 3d 740, 748 (D.N.J. 2016). "[T]o establish a first-party bad faith claim for denial of benefits in New Jersey, a plaintiff must show that no debatable reasons existed for denial of the benefits.'" *Badiali v. N.J. Mfrs. Ins. Grp.*, 220 N.J. 544, 554 (N.J. 2015). Mere allegations that simply parrot the elements of a "bad faith" cause of action, without more, are subject to dismissal under Rule 12(b)(6). *See, e.g., Raritan Bay Fed. Credit Union v. Cumis Ins. Soc., Inc.*, No. 09-1512, 2009 WL 2223049, at *3 (D.N.J. July 23, 2009).

    The Complaint, at this juncture, has not pled any factual bases sufficient to adequately allege a bad faith claim. Plaintiff has not yet pled that Defendant had any "ill motive" or lacked the "reasonable basis" to deny coverage of Plaintiff's claims. Defendant also acknowledges that the Complaint, as pled, does not assert a claim for "bad faith." (Def.'s Moving Br. 11.) But Defendant nevertheless moves to sever and suspend claims not yet presented in this case. (*Id.*) Defendant's request is similarly denied. The Court will not stay or sever claims that do not yet exist. This case, however, is in its preliminary stages. During discovery, Plaintiff may uncover evidence of bad faith and may move to amend his pleading, if appropriate, under Rule 15. *See, e.g., Cousart v. State Farm Fire & Cas. Co.*, No. 22-4900, 2023 WL 1415594, at *7 (E.D. Pa. Jan. 31, 2023) (noting where the plaintiffs failed to allege sufficient facts of bad faith in the complaint, the plaintiffs "may take discovery and proceed consistent with Rule 15 if the adduced discovery warrants a good faith pleading of [the insurer's] statutory bad faith"). Defendant may, at the appropriate time, renew the motion to stay and/or sever those claims should evidence of bad faith claims arise in the course of this litigation.

12

*iii.    Specific Performance*

Moving to Plaintiff's request for specific performance under Count Four, New Jersey law provides that "specific performance is an equitable remedy that is appropriate when the legal remedy of compensation is inadequate or incalculable." *In re Nickels Midway Pier, LLC*, 341 B.R. 486, 499 (D.N.J. 2006), *aff'd*, 255 F. App'x 633 (3d Cir. 2007). The entitlement of specific performance against an insurer may be appropriate for *future* costs of remediation. *In re Env't Ins. Declaratory Judgment Actions*, 149 N.J. 278, 292-93 (1997) (finding that the action for coverage relating to future harm constitutes action for specific performance). A claim for insurance proceeds under a policy for a *past* loss, like the case here, takes the form as a regular contract action and not one of specific performance. *Ward v. Merrimack Mut. Fire Ins. Co.*, 711 A.2d 394, 397 (N.J. Super. Ct. App. Div. 1998) (finding that a declaratory judgment action seeking general contract damages triggers a right to a jury trial). Here, Plaintiff is not seeking remuneration for any future costs, and thus Plaintiff is not entitled to the remedy of specific performance. Plaintiff's request for specific performance is denied.

E.    **Punitive Damages**

Count Five brings a claim for punitive damages arising from Defendant's breach of the insurance contract. (Compl. ¶¶ 48-49.) Under New Jersey law, punitive damages are governed by the Punitive Damages Act, N.J.S.A. 2A:15-5.9 *et seq.* Punitive damages are to be awarded where "a plaintiff can prove, by clear and convincing evidence, that his harm was caused by the defendant and that the defendant has acted with 'actual malice,' or a 'wanton and willful disregard of persons who foreseeably might be harmed' by their 'acts or omissions.'" *Hoffman v. Silverio-Delrosar*, No. 20-13291, 2021 WL 2434064, at *5 (D.N.J. June 15, 2021) (citing N.J.S.A. 2A:15-5.12). "Through express statutory language, New Jersey provides that even gross negligence will not

suffice to make punitive damages available." *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 87 (3d Cir. 2017). Notably, in the context of first party insurance claims, which are generally governed by contract law, punitive damages are "generally not recoverable." *Polizzi Meats, Inc. v. Aetna Life & Cas. Co.*, 931 F. Supp. 328, 335 (D.N.J. 1996); *see AV Design Servs., LLC. v. Durant*, No. 19-8688, 2021 WL 1186842, at *13 (D.N.J. Mar. 30, 2021) ("Punitive damages are usually not awarded in breach of contract cases."). "Tellingly, an insured cannot even recover punitive damages for 'the insurer's wrongful, bad faith refusal to provide coverage or for the bad faith delay in handling claims.'" *Veyhl v. State Farm Fire & Cas. Co.*, No. 21-10112, 2021 WL 6062304, at *5 (D.N.J. Dec. 22, 2021) (quoting *Haardt v. Farmer's Mut. Fire Ins. Co. of Salem Cnty.*, 796 F. Supp. 804, 810 (D.N.J. 1992)).

For the reasons stated, Plaintiff has not pled sufficient allegations of bad faith—let alone any "actual malice" or "wanton and willful" conduct on the part of Defendant—to warrant punitive damages. This action stems from an alleged breach of contract, which generally restrict punitive damages. Accordingly, Plaintiff's claim for punitive damages is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. Plaintiff's claims of vicarious liability, fraudulent misrepresentation, negligent misrepresentation, breach of fiduciary duty, specific performance, and punitive damages are dismissed without prejudice. Plaintiff may move forward on his breach of contract claim. Defendant's motion to sever and/or stay any bad faith claims is denied. An appropriate Order will issue.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
